UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MORRIS JAMES YOUNG, SR.,

    Petitioner,

v.

    File No. 2:11-CV-365

    HON. ROBERT HOLMES BELL

ROBERT NAPEL,

    Respondent.
    _____/

**OPINION**

    This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to Magistrate Judge Timothy P. Greeley, who issued a Report and Recommendation (R&R) recommending that this Court deny the petition. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Final Order. *See* Rules Governing § 2254 Cases, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

    "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

The majority of Petitioner's purported objection is a merely a reiteration of his arguments challenging the reasoning of the Michigan Court of Appeals. Such arguments are not objections to the R&R, and thus are not properly before the Court. Petitioner does, however, object to the Magistrate Judge's conclusion that he cannot challenge his conviction for operating a drug house because he is no longer in custody for that offense. (Pet'r Obj. 8, ECF No. 35; R&R 9, ECF No. 34.) Petitioner argues that he timely filed an appeal for this offense, that he exhausted his state remedies, and that he is in reality still serving time for this offense because the offense was used to score his sentencing guidelines.

As the R&R notes, although Petitioner is still in custody of the Michigan Department of Corrections, as of January 20, 2011, he was no longer in custody for the offense of operating a drug house. Petitioner's argument that his sentences for his other crimes were enhanced because of his conviction of operating a drug house does not change the fact that he is no longer in custody for that offense. If the Court adopted Petitioner's view, any prior conviction that later enhanced a sentence would become ripe for review under § 2254. Such an approach would undermine the purpose of the statute. His objection is therefore without merit, and is overruled.

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* Rules Governing § 2254 Cases, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466–67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. A certificate of appealability will therefore be denied.

Where, as here, the petition is rejected on procedural grounds without reaching the merits of the underlying claims, the Court should issue a certificate of appealability if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. However, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further ." *Slack*, 529 U.S. at 484. Upon review, the Court finds that reasonable jurists would not find the Court's procedural ruling debatable. A certificate of appealability will therefore be denied.

The Court will issue a Final Order and Judgment consistent with this Opinion.

Dated: July 23, 2014                    /s/ Robert Holmes Bell
                                                 ROBERT HOLMES BELL
                                                 UNITED STATES DISTRICT JUDGE